UNITED STATES of America,
Appellee,

v.

Quentin HAWKINS, Ricardo Rodriquez,
Rondell Woodson, Michael Byrant,
Shamaine Cunnighman, Defendants,

v.

Ronald Smith, Francois Fleurentin, Jan-
et Foster, Edwin DeLoatch, Ricardo
Magloire, Defendants–Appellants.

Nos. 02–1783, 03–1076, 03–1115,
03–1078, 03–1153.

United States Court of Appeals,
Second Circuit.

March 16, 2005.

Warren S. Hecht, Forest Hills, New York, David Gordon, New York, New York, Nicholas Pinto, Papa, DePaola & Brounstein (Steven L. Brounstein), Flushing, New York, Howard M. Simms, New York, New York, on submission, Julia Pamela Heit, New York, New York, for Appellants, of counsel.

Daniel R. Alonso, Assistant United States Attorney, Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, Cecil C. Scott, Assistant United States Attorney), Brooklyn, New York, for Appellee, of counsel.

PRESENT: NEWMAN, SACK, and SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Defendants-appellants were convicted of six counts of conspiring to commit and committing health care and mail fraud arising out of a staged automobile accident that occurred on July 16, 2000. Defendant-appellant DeLoatch was convicted of an additional count of conspiring to commit

health care and mail fraud over a thirty-two month period. Defendants-appellants raise various challenges to their convictions, and defendants-appellants DeLoatch and Foster raise Sixth Amendment challenges to their sentences.

■ Defendant-appellant Smith challenges the sufficiency of the evidence underlying his conviction. "[V]iewing all the evidence in the light most favorable to the prosecution," we conclude that a "rational trier of fact could have found" Smith guilty beyond a reasonable doubt on all counts. *United States v. Jones*, 393 F.3d 107, 111 (2d Cir.2004) (internal quotation marks omitted). There was sufficient circumstantial evidence, including phone contacts between Smith and managers within the organization and testimony and documentary evidence regarding Smith's conduct following the July 16th collision, to support a rational inference that Smith knew the accident was staged, agreed to and did participate in the health care fraud, and reasonably foresaw that the mails would be used to further the fraudulent scheme. Smith's argument that the government was required to prove that he was uninjured in the collision is meritless. Moreover, Smith's assertion that there is no evidence in the record that Farragut Family Medical Services was affiliated with the providers of durable medical equipment, radiological services, and mental health services from which Smith sought treatment falls short of the "heavy burden" he must meet to prevail on his sufficiency challenge. *United States v. Matthews*, 20 F.3d 538, 548 (2d Cir.1994).

■ Defendants-appellants Fleurentin and Magloire assert that their convictions were a result of prosecutorial misconduct, based on the government's characterization of the record during summation. We do not think that the Assistant United States Attorney's description of the record was factually inaccurate. Her remarks presented one view of the evidence, which the jury could accept or reject based on its own judgment and knowledge of the entire record. The misconduct claim therefore fails.

■ Defendant-appellant DeLoatch asserts that the district court abused its discretion by not granting his motion, made for the first time during trial, to sever his prosecution from that of the other defendants, under Rule 14 of the Federal Rules of Criminal Procedure. Because DeLoatch did not move for severance before trial, he waived his ability to seek a severance and cannot now raise the issue here. Fed. R.Crim. Proc. 12(b)(3)(D) & (e); *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir.1995).

■ Defendant-appellant Foster claims that her trial counsel denied her effective assistance by not objecting to the admission of Quentin Hawkins's plea allocution into evidence. Foster's own arguments establish the lack of merit of this assertion. Foster concedes that at the time of trial, in September and October 2002, prevailing law established that the allocution's admission was constitutional. Foster states that *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), was a "landmark decision" in which the Supreme Court made a "remarkable determination" and overruled prior precedent. The failure of counsel to anticipate, and object on the basis of, such a change in the law does not, of course, constitute "deficient" performance, held to violate the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Where additional factfinding is unnecessary, this Court may decide a claim of ineffective assistance of counsel on direct appeal. *United States v. Gaskin*, 364 F.3d 438, 467–68 (2d Cir.2004). Such addi-

tional factfinding is unnecessary here. We therefore dismiss this claim with prejudice. We discuss Foster's two other grounds for an ineffective assistance claim below.

■ At oral argument, Foster's counsel raised for the first time a substantive challenge to Foster's conviction based on the admission into evidence of Hawkins's allocution. DeLoatch's counsel, also for the first time at oral argument, sought to join Foster's argument on this point. Normally, we will not entertain a claim raised for the first time at oral argument. *Williams v. United States,* 503 U.S. 193, 206, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992); *United States v. Pascarella,* 84 F.3d 61, 73 (2d Cir.1996). In any event, although the admission of the allocution was error, *Crawford,* 124 S.Ct. at 1374, the error was harmless, *United States v. McClain,* 377 F.3d 219, 222 (2d Cir.2004). Hawkins's allocution was cumulative with other evidence in the record, including the testimony of Shamaine Cunningham, a cooperating witness, and recordings of intercepted phone calls between DeLoatch and Hawkins. Thus, it is "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained" against any of the defendants-appellants. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

■ In addition to her ineffective assistance claim discussed above, Foster asserts two other ineffective assistance claims, alleging that her trial counsel failed to communicate to her a plea offer and that he prevented her from taking the stand. The claims here "involve[ ] off-the-record interactions with [Foster's] trial counsel and therefore cannot be determined by examining the motion, files, and records before the district court." *Chang v. United States,* 250 F.3d 79, 85 (2d Cir. 2001). The government concedes that the issue cannot be decided on the current

record. Where, as here, the resolution of ineffective assistance claims requires additional factfinding, the preferred method of making such determinations is through a motion pursuant to 28 U.S.C. § 2255. *See United States v. Venturella,* 391 F.3d 120, 135 (2d Cir.2004). We dismiss Foster's remaining ineffective assistance claims without prejudice so that Foster may, if she so chooses, bring a section 2255 motion to resolve these claims in the district court.

■ Foster and DeLoatch challenge their sentences on Sixth Amendment grounds, seeking consideration of resentencing in the district court. The district court sentenced defendants-appellants while treating the United States Sentencing Guidelines as mandatory, as required at the time by the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.* In light of the Supreme Court's recent decision in *Booker,* and this Court's recent decision in *Crosby,* Foster's and DeLoatch's cases are remanded to the district court for further proceedings consistent with those decisions.

Foster further contends that the district court violated Rule 32 of the Federal Rules of Criminal Procedure by failing to afford her a full opportunity to speak during sentencing. We conclude that Foster's statements prior to imposition of sentencing, assessed in light of her more fully developed responses after sentencing, suffice to satisfy Rule 32.

For the foregoing reasons, the judgment of conviction as to each defendant-appellant is hereby AFFIRMED. As to defendants-appellants DeLoatch's and Foster's challenges to their sentences in light of *Booker* and *Crosby,* we REMAND to the district court on that issue for proceedings consistent with those decisions. As to Foster's argument that her counsel provided ineffective assistance by failing to

368

object to Hawkins's plea allocution's admission into evidence, her claim is DISMISSED WITH PREJUDICE; her remaining ineffective assistance of counsel claims are DISMISSED WITHOUT PREJUDICE.