**John CHANG, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 99–2471.**

United States Court of Appeals, Second Circuit.

Argued Oct. 26, 2000.

Decided May 4, 2001.

---

Monica R. Jacobson, Alvy & Jacobson, New York, New York, for Petitioner–Appellant.

Margaret Giordano, Assistant United States Attorney, Brooklyn, New York (Loretta E. Lynch, United States Attorney for the Eastern District of New York, and Emily Berger, Assistant United States Attorney, of counsel), for Respondent–Appellee.

Before: OAKES, WINTER, and SACK, Circuit Judges.

WINTER, Circuit Judge:

John Chang appeals from Judge Glasser's denial of his petition for a writ of habeas corpus challenging his conviction and sentence for various narcotics offenses involving heroin trafficking. *See Chang v. United States*, No. 98–CV–7354, 1999 WL 439097 (E.D.N.Y. May 3, 1999). Although the petition asserted several claims, we granted a certificate of appealability limited to Chang's claim of a denial of his right to the effective assistance of counsel. *See Chang v. United States*, No. 99–2471 (2d Cir. Oct.20, 1999) (order). Chang's ineffective assistance claim is based on his allegations that his counsel prohibited him from testifying and that he would have testified had he known that counsel had no power to prevent him from doing so. At the request of the district court, Chang's trial counsel submitted a detailed affidavit contradicting Chang's version of the events. After reviewing the submitted papers, the district court denied Chang's motion. Chang claims that it was error not to hold a full testimonial hearing.

We agree that a hearing was required. However, we affirm on the ground that the district court's review of the submitted papers constituted a sufficient evidentiary hearing on the facts of this case.

## BACKGROUND

Chang was convicted by a jury of five counts related to heroin trafficking, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), 841(b)(1)(B)(i)-(ii)(II), 846, 952(a), 960(a)(1), and 960(b)(1)(A); and 18 U.S.C. §§ 2 and 3551 *et seq.* He was sentenced to a downwardly departed term of 144 months, 5 years' supervised release, a fine of $50,000, and a special assessment of $150.

On direct appeal from his conviction, Chang advanced various arguments, none of which are pertinent to the present appeal, and we affirmed by summary order. *See United States v. Chang,* 131 F.3d 132 (2d Cir.1997) (unpublished table decision). In November 1998, Chang filed the present petition *pro se.* After he was granted leave to amend, the district court ordered the government to respond. *See Chang v. United States,* No. 98–CV–7354 (E.D.N.Y. Dec. 30, 1998) (order). Chang's amended petition alleged, seemingly based on *United States v. Singleton,* 144 F.3d 1343 (10th Cir.), *vacated,* 144 F.3d at 1361 (1998), that the government had purchased testimony against him, that the testimony of the government's case agent conflicted with that of one of the accomplices, and that Chang's counsel was ineffective because he failed to challenge the government's use of the allegedly bribed witnesses and refused to let Chang testify. *See* Petitioner's "Amendment to Petitioner's 28 U.S.C. Motion to Vacate Sentence; Request for Evidentiary Hearing." Chang also requested an evidentiary hearing on whether his counsel was constitutionally deficient in refusing to let him testify. *See id.* Chang later filed a supporting affidavit, stating that his trial counsel "prohibited" him from testifying, "did not at any time apprise [him] that the ultimate decision whether to testify or not was [his] to make," and had he "known at the time of trial that [counsel] ... could not stop [him] from testifying, [he] would have done so." Petitioner's Affidavit, No. 98–CV–7354. Chang also stated in the affidavit that he would prove his claims by examining counsel under oath at an evidentiary hearing.

The district court invited Chang's trial counsel to respond to the ineffective assistance claim, and counsel thereafter filed an affidavit. With regard to the claim that counsel prohibited Chang from testifying, counsel stated, in part:

Petitioner chose not to testify after having extensive discussions with, and receiving advice from defense counsel. Specifically, petitioner was fully apprised, inter alia of all of his constitutional rights throughout his case and specifically at trial. Indeed, I counseled petitioner not only on his right to present a defense, but his absolute right to testify on his own behalf and that it would be his decision whether or not to exercise that right. I also advised petitioner that the court would instruct the jury, which it did, that no unfavorable inference could be drawn by the jury if he chose not to testify.

[ ] All of the foregoing occurred prior to the commencement of trial, and was discussed during the trial as well.... [M]uch focus was placed during trial on our discussions of whether petitioner would want to testify and be the sole witness in his defense.

[ ] After being advised of the potential issues that could and would be raised during such testimony, including the government's cross examination, petitioner chose not to testify. Specifically, tape recorded conversations introduced by the government regarding petitioner's alleged narcotics activities were difficult for petitioner to adequately and credibly explain. Other potential issues regarding unexplained wealth as to peti-

tioner's extensive travel to China and Hong Kong were also discussed before and during trial. It was clear to petitioner and counsel that he could not withstand the scrutiny of cross examination without significantly prejudicing his defense.

[ ] Additionally, counsel advised petitioner to consider that if the jury viewed the defendant's testimony to be lacking credibility, his prospects of conviction would be greatly increased. This would be so, notwithstanding the otherwise effective cross examination of the government's two cooperating witnesses.

The district court denied Chang's petition. With regard to Chang's claim that he was prohibited by counsel from testifying, the district court found that trial counsel's affidavit "belie[d] Chang's claim." *Chang*, 1999 WL 439097, at *2. The court noted, "[o]ther than his own blanket statements, Chang provides no proof that [counsel] prevented him from testifying." *Id.* The court further held that, "because the submissions on this issue reflect that Chang is entitled to no relief, Chang's request for a[n] evidentiary hearing is denied." *Id.*

Chang submitted a motion for reconsideration, again requesting a full testimonial hearing and mentioning for the first time that he would present a witness at such a hearing—an "acquaintance" who tutored Chang on demeanor in preparation for testifying—to corroborate that Chang desired to testify. The district court denied the motion on the ground that Chang had failed to show that the court had overlooked controlling legal authority or relevant factual matters. *See Chang v. United States*, No. 98–CV–7354 (E.D.N.Y. June 25, 1999) (order).

The district court denied Chang a certificate of appealability ("COA"), finding that "no substantial showing has been made of a denial of a constitutional right." However, we granted a COA on Chang's claim that his counsel was constitutionally deficient in preventing him from testifying. *See Chang*, No. 99–2471. In so doing, we noted:

> "[O]ur Circuit has not ruled, as other circuits have ... that a defendant contending that his trial counsel has prevented him from testifying must object at trial or be deemed to have forfeited the claim, nor have we ruled, as other circuits have, ... that a defendant's bare statement that his lawyer prohibited him from testifying is insufficient to warrant a hearing on the claim."

*Id.* It is to those issues that we now turn.

## DISCUSSION

■ We review the district court's denial of a hearing under 28 U.S.C. § 2255 for abuse of discretion. *See United States v. Russo*, 801 F.2d 624, 627 (2d Cir.1986). Further, in "the § 2255 context, this Court reviews factual findings for clear error and questions of law *de novo*. The question of whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact and is reviewed *de novo*." *Triana v. United States*, 205 F.3d 36, 40 (2d Cir.2000) (internal quotation marks and citations omitted).

### a) *Waiver/Forfeiture*

■ As we noted in granting the COA, we have not yet decided whether a defendant waives or forfeits a claim that counsel prevented him or her from testifying by not objecting at trial. A defendant in a criminal case has the right to testify on his own behalf. *See Rock v. Arkansas*, 483 U.S. 44, 49, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987). We have held that the right to testify is "personal" and, therefore, can be waived only by the defendant. *Brown v.*

*Artuz,* 124 F.3d 73, 77 (2d Cir.1997). Thus, "regardless of strategic considerations that his lawyer concludes weigh against such a decision," *id.,* a defendant who wishes to testify must be permitted to do so.

In *Brown,* we declined to require that trial courts generally inform defendants of the right to testify and determine whether they intend to waive that right. However, we did impose on defense counsel the obligation to inform their clients of that right and to ensure that clients understand that the ultimate decision belongs to them, not counsel. *See id.* at 79. We therefore found that the "burden of ensuring that the defendant is informed of the nature and existence of the right to testify . . . is a component of the effective assistance of counsel." *Id.*

*Brown* did not, however, reach the question of whether a defendant who does not object at trial to being prevented from taking the stand thereby waives or forfeits the right to testify. Other circuits that have addressed this question have not reached uniform results. The Ninth Circuit has held that a defendant waives the right to testify by failing to notify the trial court of a desire to do so. *See United States v. Martinez,* 883 F.2d 750, 760 (9th Cir.1989), *vacated on other grounds,* 928 F.2d 1470 (9th Cir.1991). In that case, the court found that the defendant must have known of his right to testify because he was "[e]ducated by television and past courtroom experience" and had seen other defendants testify before. *Id.* at 761. The Eighth Circuit also has held that the right to testify is waived where the defendant does not object at trial. *See United States v. Bernloehr,* 833 F.2d 749, 751–52 (8th Cir.1987). Similarly, the Fourth Circuit has held that a defendant's testimony at an earlier trial evinced knowledge of the right to testify and, therefore, the right was waived when he did not assert it at a later trial. *See United States v. McMeans,* 927 F.2d 162, 163 (4th Cir.1991). The District of Columbia, Seventh, and Eleventh Circuits, however, have held that a defendant need not object at trial to preserve a claim that counsel prevented such testimony. *See United States v. Ortiz,* 82 F.3d 1066, 1071 (D.C.Cir.1996) (recognizing "the impracticability of placing a burden on the defendant to assert a right of which he might not be aware or to do so in contravention of the court's instructions that the defendant speak to the court through counsel"); *Underwood v. Clark,* 939 F.2d 473, 476 (7th Cir.1991) (refusing to treat silence as waiver, "recognizing that the defendant might well feel too intimidated to speak out of turn in this fashion"); *United States v. Teague,* 908 F.2d 752, 759–60 (11th Cir.1990) ("It would be anomalous to consider the right to counsel of fundamental importance because of the common lack of understanding of the trial process by defendants, and to require a defendant to rely on his attorney to be the sole spokesperson in the courtroom, while at the same time holding that by failing to speak out at the proper time a defendant has made a knowing, voluntary and intelligent waiver of a personal right of fundamental importance such as the right to testify."), *rev'd on other grounds,* 953 F.2d 1525 (11th Cir.1992) (en banc).

In *United States v. Vargas,* 920 F.2d 167, 170 (2d Cir.1990), we stated, in dicta, "we decide this case by published opinion rather than by summary order to express our substantial doubt about the correctness" of the argument that a defendant who does not object at trial waives a claim on appeal that his right to testify was violated. We concluded that "[w]e regard as highly questionable the proposition that a defendant's failure to object at trial to counsel's refusal to allow him to take the stand constitutes a waiver of the defen-

dant's constitutional right to testify on his own behalf." *Id.*

■ We follow *Vargas*'s lead and agree with those circuits that have refused to find a waiver or forfeiture solely from a defendant's silence at trial. At trial, defendants generally must speak only through counsel, and, absent something in the record suggesting a knowing waiver, silence alone cannot support an inference of such a waiver. It also seems to us questionable to infer that television or similar sources of a general nature—in contrast to a specific circumstance—have educated a particular defendant not only as to the existence of a right to testify but also that the right may be exercised over the objections of counsel. With regard to forfeiture, similar considerations apply. A defendant who is ignorant of the right to testify has no reason to seek to interrupt the proceedings to assert that right, and we see no reason to impose what would in effect be a penalty on such a defendant. We therefore conclude that Chang did not waive or forfeit his claim on appeal by failing to object at trial.[1]

b) *The Merits*

The thrust of Chang's argument on the merits is that the district court erred when it dismissed his Section 2255 motion without a hearing involving live witnesses.

■ Under Section 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255. To be entitled to relief, Chang must demonstrate a colorable claim of ineffective assistance. Thus, Chang has the burden of meeting the two-pronged test for ineffective assistance set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by showing: (i) "that counsel's performance was deficient" and (ii) "that the deficient performance prejudiced the defense." *Id.* at 687, 104 S.Ct. 2052. Chang would satisfy (i) were he able to show that counsel actually told Chang that he had no right to testify. As we stated in *Brown*, the "burden of ensuring that the defendant is informed ... of the right to testify ... is a component of the effective assistance of counsel." 124 F.3d at 79. Whether Chang would thereafter be able to satisfy (ii) is in doubt, but we need not address that issue. The district court dismissed the petition on the ground that Chang had not established a deficiency in representation because the only evidence that he was prevented from testifying came from "his own blanket statements." *Chang*, 1999 WL 439097, at *2. The court did not, therefore, address whether Chang could show prejudice if in fact there had been deficient representation. Because we agree with the district court, we also need not address the prejudice issue.

The district court relied, in part, on the conclusion reached by the Seventh Circuit in *Underwood*, which held:

[A] barebones assertion by a defendant, albeit made under oath, is insufficient to require a hearing or other action

---

1. We note that Chang's claim is not otherwise procedurally barred. "A defendant is generally permitted to raise an ineffective assistance claim in a collateral attack, even when the claim was not raised on direct appeal," *Amiel v. United States*, 209 F.3d 195, 198 (2d Cir.2000), unless new counsel represented the defendant on direct appeal and "the claim is based solely on the record developed at trial," *Billy–Eko v. United States*, 8 F.3d 111, 114–15 (2d Cir.1993).

on his claim that his right to testify in his own defense was denied him. It just is too facile a tactic to be allowed to succeed. Some greater particularity is necessary—and also we think some substantiation is necessary . . .—to give the claim sufficient credibility to warrant a further investment of judicial resources in determining the truth of the claim.

939 F.2d at 476. The First Circuit takes a similar view. *See Siciliano v. Vose,* 834 F.2d 29, 31 (1st Cir.1987) (requiring that allegations be "highly specific and usually accompanied by some independent corroboration" as well as some evidence that the "specific factual allegations would be credible" before granting evidentiary hearing). Other circuits have been more receptive to such claims. For example, in *Gallego v. United States,* 174 F.3d 1196, 1198–99 (11th Cir.1999), the Eleventh Circuit refused to adopt a "per se" rule that would find counsel more credible than the defendant when all that is before the court is one's testimony against the other's. *See also id.* at 1198 (holding "[t]he fact that defendant's testimony is uncorroborated is not enough standing alone to support a credibility finding" that would render an evidentiary hearing unnecessary).

■ Our analysis begins with the language of Section 2255. It requires the district court to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." While improbable, Chang's claim is not so clearly bereft of merit as to be subject to dismissal on its face. *See, e.g., United States v. Malcolm,* 432 F.2d 809, 812 (2d Cir.1970). Also, it involves off-the-record interactions with his trial counsel and therefore cannot be determined by examining the motion, files, and records before the district court. *See Armienti v. United States,* 234 F.3d 820, 825 (2d Cir.2000) ("[A]ctions taken by

counsel outside the presence of the trial judge . . . [can] not ordinarily be resolved by him without . . . a hearing."). The language of Section 2255 therefore indicates that summary dismissal of Chang's petition would have been inappropriate. We therefore disagree with *Underwood* and *Siciliano* to the extent they would permit summary dismissal.

■ However, Chang's claim was not summarily dismissed by the district court. At the request of the court, the record was supplemented by a detailed affidavit from trial counsel credibly describing the circumstances concerning appellant's failure to testify. We believe that with that submission the record was sufficient to support dismissal of the petition.

The Supreme Court has held that, although a hearing may be warranted, that conclusion does not

> imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense. Indeed, the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner.

*Machibroda v. United States,* 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). In so holding, the Court relied upon Section 2255 itself, which expressly provides that the "court may entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255; *see Machibroda,* 368 U.S. at 495 n. 4, 82 S.Ct. 510.

The Fourth and Tenth Circuits have agreed. *See Luse v. United States,* 326

F.2d 338, 339–40 (10th Cir.1964) (quoting *Machibroda* and adding: "This does not mean that a prisoner can be prevented from testifying in support of a substantial claim where his testimony would be material. However, we think it clear that the sentencing court has discretion to ascertain whether the claim is substantial before granting a full evidentiary hearing."). The Fourth Circuit also has suggested that:

> there is a permissible intermediate step that may avoid the necessity of an expensive and time consuming evidentiary hearing in every Section 2255 case. It may instead be perfectly appropriate, depending upon the nature of the allegations, for the district court to proceed by requiring that the record be expanded to include letters, documentary evidence, and, in an appropriate case, even affidavits.

*Raines v. United States,* 423 F.2d 526, 529–30 (4th Cir.1970)(footnote omitted). As noted in *Raines,* the district court may use methods under Section 2255 to expand the record without conducting a full-blown testimonial hearing. *See Blackledge v. Allison,* 431 U.S. 63, 81–82, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) ("[A]s is now expressly provided in the Rules Governing Habeas Corpus Cases, the district judge ... may employ a variety of measures in an effort to avoid the need for an evidentiary hearing.... In short, it may turn out ... that a full evidentiary hearing is not required.").

It was, therefore, within the district court's discretion to choose a middle road

that avoided the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other prisoners to make similar baseless claims that would have resulted from a full testimonial hearing. The district court reasonably decided that the testimony of Chang and his trial counsel would add little or nothing to the written submissions. To be sure, the court did not have before it either the demeanor evidence or the cross-examination of counsel that would have resulted from a full testimonial hearing. Nevertheless, we cannot say that it was an abuse of discretion on the part of the district court to conclude that such a hearing would not offer any reasonable chance of altering its view of the facts. Chang bore the burden of proving his claim. His proffer involved a generic claim—one that can be, and is often, made in any case in which the defendant fails to testify—based solely on his own highly self-serving and improbable assertions. Trial counsel's detailed description of events was eminently credible. And Judge Glasser, having tried the case, was intimately familiar with the trial proceedings and the events and circumstances surrounding them. It was within the court's discretion to determine that more was not needed.[2]

We therefore affirm.

---

**2.** Chang argues that the district court also should have considered the additional factual details provided in his motion for reconsideration. That motion offered as corroborating evidence alleged examples of other unprofessional aspects of the representation as well as the testimony of an individual who helped Chang prepare to testify. In it, Chang also denied his counsel's assertion that he had informed Chang of his right to testify.

The government opposed the motion, *inter alia,* on the ground that reconsideration is not appropriate to offer for the first time evidence—such as the existence of the "tutor"—

that had been available when the Section 2255 petition was filed. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995) ("[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."); *Paulino v. United States*, No. 97 Civ. 2107, 1998 WL 512953, at *1 (S.D.N.Y. Aug. 17, 1998) ("Parties may not advance any new facts, issues, or arguments not previously presented to the Court."). The district court denied Chang's motion, citing *Paulino,* and the fact that Chang failed to establish "that the Court overlooked controlling authority or factual matters that might reasonably be expected to alter the conclusion previously reached." *Chang v. United States,* No. 98–CV–7354 (June 25, 1999) (order).

We apply a liberal standard of interpretation to *pro se* pleadings, *see, e.g., Billy–Eko,* 8 F.3d at 117 (2d Cir.1993), and previously have considered claims raised by *pro se* litigants for the first time in motions for reconsideration. *See Spencer v. Doe,* 139 F.3d 107, 112 (2d Cir.1998); *Wojtowicz v. United States,* 550 F.2d 786, 789 (2d Cir.1977). We have, therefore, considered whether a full testimonial hearing was warranted on the facts as alleged by Chang, including the details added in the *motion for reconsideration. However, the only such additional fact of any significance is the existence of a witness to Chang's desire to testify. We find that fact insufficient to alter the outcome. Trial counsel's affidavit is not inconsistent with Chang's wanting to testify, albeit having been dissuaded by counsel after arduous discussions.