**Louis MALPESO, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**Docket No. 00–2220.**

United States Court of Appeals, Second Circuit.

March 26, 2002.

Randall D. Unger, Kew Gardens, NY, for Appellant.

David C. James, Ass't U.S. Att'y, EDNY, Brooklyn, NY, for Appellee.

Present OAKES, KEARSE, and WINTER, Circuit Judges.

## SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the order of said District Court be and it hereby is affirmed.

Petitioner Louis Malpeso, convicted of, *inter alia*, attempted murder and other violent crimes committed for the purpose of maintaining and increasing his position in a criminal enterprise, in violation of 18 U.S.C. § 1959, appeals from an order entered in the United States District Court for the Eastern District of New York, Raymond J. Dearie, *Judge*, denying his motion pursuant to 28 U.S.C. § 2255 to vacate his convictions in connection with one shooting on the ground that he received ineffective assistance of counsel at trial because his attorney failed to interview and call alibi witnesses. On appeal, Malpeso contends that the district court erred in denying his motion without con-

ducting an evidentiary hearing. For the reasons that follow, we affirm.

In ruling on a motion under § 2255, the district court is required to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. This requirement, however, "does not 'imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be.'" *Chang v. United States*, 250 F.3d 79, 85 (2d Cir.2001) (quoting *Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962)). Thus, where some hearing is required, the district court has discretion to consider written submissions and to determine whether a full testimonial hearing is necessary. *See, e.g., Blackledge v. Allison*, 431 U.S. 63, 81–82, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) ("[A]s is now expressly provided in the Rules Governing Habeas Corpus Cases, the district judge ... may employ a variety of measures in an effort to avoid the need for an evidentiary hearing. ... In short, it may turn out ... that a full evidentiary hearing is not required."); *Chang v. United States*, 250 F.3d at 86 (hearing requirement satisfied by submission of attorney's affidavit where claim that counsel did not allow defendant to testify at trial was supported only by defendant's own "highly self-serving and improbable assertions").

The district court's determination as to what kind of hearing is appropriate is reviewable for abuse of discretion. *See, e.g., id.* "Further, in the § 2255 context, this Court reviews factual findings for clear error and questions of law *de novo*. The question of whether a defendant's lawyer's representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact and is reviewed *de novo*." *Id.* at 82 (internal quotation marks omitted).

In his § 2255 motion, Malpeso claimed that his attorney, Margaret Alverson, failed to interview and call Sal Barbalinardo and Raymond Lacari as alibi witnesses for the so-called "Avenue P Shooting." In dealing with this motion, district court called for a response from Alverson. Alverson submitted an affidavit stating (a) that she had no recollection of Malpeso's having informed her about Barbalinardo or Lacari or any other alibi witnesses, (b) that she routinely kept notes on potential alibi witnesses and attempted to locate them, and (c) that she had in her Malpeso files no notation that she had been provided with the names of any such witnesses. The district judge, who had presided over the trial and found Alverson to be an "experienced and talented" attorney, credited her assertions. Further, the government's evidence at trial had included the testimony of accomplices, *see, e.g., United States v. Malpeso*, 115 F.3d 155, 160 (2d Cir.1997) (with respect to the Avenue P Shooting, Christopher Liberatore testified that he shot the victim in the presence of Malpeso, who had handed Liberatore a gun and ordered him to shoot certain other persons), and the district court noted that while Malpeso had attempted at trial to discredit the accomplice witnesses, he had never suggested that he had an alibi. Indeed, the court noted that Malpeso did not raise his present contention until some four years after he was convicted. In light of the record, we see no abuse of discretion in the district court's determination that live testimony was not necessary. Nor do we see any clear error in the court's finding that Malpeso had not given Alverson the names of alibi witnesses. Accordingly, there was

no factual basis for a claim of ineffective assistance of counsel, and the district court properly denied the § 2255 motion.

We have considered all of Malpeso's contentions on this appeal and have found them to be without merit. The order of the district court is affirmed.