Hector PENA–MARTINEZ, Petitioner–Appellant,

v.

G. DUNCAN, Superintendent of Great Meadow Correctional Facility, Respondent–Appellee.

No. 03–2051.

United States Court of Appeals, Second Circuit.

Oct. 20, 2004.

Perry S. Reich, Schapiro & Reich, Lindenhurst, NY, for Appellant.

Loretta S. Courtney, Assistant District Attorney, Monroe County District Attorney's Office, Rochester, NY, for Appellee.

PRESENT: WALKER, Chief Judge, KEARSE, and CABRANES, Circuit Judges.

## SUMMARY ORDER

Plaintiff-appellant Hector Pena–Martinez appeals from the May 30, 2002, judgment of the district court denying a 28 U.S.C. § 2254 petition in which he challenged his state conviction for possession and sale of a controlled substance. While Pena–Martinez's petition alleged numerous grounds for relief, the only issue before us is whether his trial counsel was ineffective in failing to investigate an allegedly exculpatory witness, Dominga Laracuente, or have her testify.

This Court reviews *de novo* a district court's denial of relief under § 2254. *See Pavel v. Hollins,* 261 F.3d 210, 215 (2d Cir.2001). Pursuant to § 2254(d), habeas relief may not be granted "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim … resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or was based upon an unreasonable determination of the facts in light of the evidence in the state record. 28 U.S.C. § 2254(d); *see Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir.2001) (a state court adjudicates a claim on the merits "when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment").

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Although a decision not to call particular witnesses is typically a question of trial strategy, an unexplained failure to call credible alibi witnesses cannot be considered reasonable trial strategy. *See Pavel,* 261 F.3d at 217–20. In addition, counsel's failure to investigate alibi witnesses is particularly egregious. *See id.* at 220–22 & nn. 13–14; *see also Lindstadt v. Keane,* 239 F.3d 191, 199–204 (2d Cir. 2001).

The record presented to the district court contained no definitive information as to whether counsel investigated Dominga Laracuente or why counsel declined to call her to testify as part of Pena–Martinez's defense. As both parties acknowledge, a full evidentiary hearing is not always necessary to resolve the

type of factual dispute presented in this case. *See Chang v. United States,* 250 F.3d 79, 85–86 (2d Cir.2001). Instead, an affidavit from trial counsel explaining his actions may be sufficient. *Id.; see* Rule 7(a), (b) of Rules Governing Section 2254 Cases (allowing the district court to direct that the record be expanded by the inclusion of affidavits). Because an affidavit had not been obtained from Pena–Martinez's trial counsel during the state or district court proceedings, we requested appellate counsel to obtain one and submit it to this court. By affidavit dated April 12, 2004, Pena–Martinez's trial counsel averred that, according to memoranda he prepared during the course of his representation of Pena–Martinez, his decision not to call Laracuente as a witness was based on an interview he had with her in which he learned that, contrary to Pena–Martinez's assertions, she would not provide testimony that would be helpful to him, and further, that Pena–Martinez had sent threatening letters to her. Based on the information contained in the affidavit, we conclude that trial counsel's decision not to call Laracuente was strategic. Accordingly, we affirm the district court's dismissal of Pena–Martinez's habeas petition for failure to establish at least one of the prerequisites of his ineffectiveness claim.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.