**UNITED STATES of America, Respondent–Appellee,**

v.

**William MOORE, Petitioner–Appellant.**

**No. 02–2753–PR.**

United States Court of Appeals, Second Circuit.

March 29, 2006.

Sally Wasserman, New York, NY., for Petitioner–Appellant.

James Glasser, Counsel to United States Attorney (Sandra S. Glover, Assistant United States Attorney, on the brief), for Kevin O'Connor, United States Attorney, District of Connecticut, New Haven, CT, for Respondent–Appellee.

PRESENT: Hon. PIERRE N. LEVAL, Hon. B.D. PARKER, Circuit Judges, and Hon. WILLIAM K. SESSIONS III,* Chief District Judge.

---

* The Honorable William K. Sessions III, Chief United States District Court Judge for the District of Vermont, sitting by designation.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 29th day of March, two thousand and six.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district is AFFIRMED.

Petitioner-appellant William Moore ("Moore") appeals from the August 2, 2002 judgment of the United States District Court for Connecticut (Arterton, *Judge*) dismissing his petition for a writ of habeas corpus, alleging that he received ineffective assistance of counsel in violation of the Sixth Amendment. The district court issued a certificate of appealability on the issue of "whether petitioner has met the prejudice prong of the *Strickland* test [for a claim of ineffective counsel], based on the disparity of seventeen months between the sentence he received without the additional one level departure and the sentence he would otherwise have received based on a prompt guilty plea." Familiarity with the record below and issues on appeal is presumed.

We review *de novo* a district court's decision to deny habeas corpus relief and the claim of ineffective assistance of counsel. *Washington v. Schriver*, 240 F.3d 101, 107 (2d Cir.2001); *United States v. Finley*, 245 F.3d 199, 204 (2d Cir.2001).

Petitioner received a two-level reduction in his sentence for acceptance of responsibility pursuant to United States Sentencing Guideline (U.S.S.G.) § 3E1.1(a). However, the court denied Moore's request for an additional level departure pursuant to U.S.S.G. § 3E1.1(b), finding "no basis for awarding any reduction for timeliness" because the "government's and the court's resources were in no way conserved as to the timeliness of the plea." Petitioner claims that he was denied the full three-level credit for acceptance of responsibility because of the ineffectiveness of his trial counsel.

To establish a claim of ineffective counsel, Moore must show (1) that counsel's representation fell below an objective standard of reasonableness measured by prevailing professional norms, and (2) that there is a reasonable probability that but for counsel's deficient performance, the outcome of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 688–90, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Boria v. Keane*, 99 F.3d 492, 496–97 (2d Cir.1996). The district court issued a certificate of appealability on the second prong of the *Strickland* test.

Because Moore does not allege conduct that would satisfy the second prong of the *Strickland* test for ineffective counsel, which requires a showing that the outcome would be different *but for* the counsel's deficient performance, the district court correctly denied the petition.

Petitioner seeks, in the alternative, a remand for a hearing on this issue. This Court reviews a district court's decision to deny a hearing on a habeas petition for abuse of discretion. *See Pham v. United States*, 317 F.3d 178, 182 (2d Cir.2003); *Chang v. United States*, 250 F.3d 79, 82 (2d Cir.2001). If the facts alleged by petitioner, even if credited, would not entitle him to habeas relief, the motion should be denied. *See Ciak v. United States*, 59 F.3d 296, 307 (2d Cir.1995). Here, as explained above, the facts would not establish that the petitioner would have received an additional point reduction but for the alleged ineffective counsel. Consequently, the district court did not abuse its discretion in denying the hearing.

We have considered petitioner's remaining contentions and find them to be without merit. Accordingly, the judgment of the District Court is hereby affirmed.