**Roger WATSON, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. (07–0354–pr).

United States Court of Appeals, Second Circuit.

Jan. 21, 2009.

Sally Wasserman, Esq., New York, NY, for Petitioner–Appellant.

Michael D. Maimin, Assistant United States Attorney, (Benjamin A. Naftalis, Assistant United States Attorney, and Jonathan S. Kolodner, Assistant United States Attorney, on the brief) for Lev L. Dassin, Acting United States Attorney for the Southern District of New York, New York, NY, for Respondent–Appellee.

Present: ROSEMARY S. POOLER, SONIA SOTOMAYOR and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Roger Watson appeals from an order of the district court, entered on December 22, 2006, denying his pro se 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.[1] In his petition, Watson seeks to vacate his sentence of 130 months imprisonment for convictions on drug conspiracy and various firearm possession charges on the ground of ineffective assistance of counsel. We assume the parties' familiarity with the facts, the proceedings below, and the issues on appeal.

To prevail on an ineffective assistance of counsel claim, the defendant must show (1) that defense counsel's representation "fell below an objective standard of reasonableness"; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). It is objectively unreasonable for defense counsel advising the defendant on a plea offer to "grossly underestimat[e] [the defendant's] sentencing exposure" in the event of a guilty verdict at trial. *United States v. Gordon*, 156 F.3d 376, 380 (2d Cir.1998). The habeas petitioner can establish prejudice by offering "objective evidence" that he would have accepted the plea offer but for defense counsel's erroneous advice. *Id.* at 380–81.

Watson argues that his trial counsel offered objectively unreasonable advice on a plea offer by misrepresenting his sentencing exposure at trial, that this advice resulted in a significantly greater sentence than the one provided for in the plea offer, and that he would have accepted the plea offer but for the advice. Specifically, in an affidavit attached to his Section 2255 motion, Watson claims that trial counsel informed him that the government made a plea offer of 85–months' imprisonment, but advised against the plea offer because "85 months wasn't to[o] much different" than the sentence Watson would likely receive if convicted following trial. Watson also alleges that trial counsel advised proceeding to trial because there was "no one testifying" who could implicate Watson in the drug conspiracy.

Watson's co-defendant Delroy Reid, however, became a cooperating witness for the government and testified against Watson at trial. It is undisputed, as noted by the district court in its denial of the petition, that "Reid's testimony alone" increased Watson's base offense level under the Sentencing Guidelines from 16 (for the 10–20 kilograms of marijuana in Watson's possession at the time of arrest) to 26 (for the 100–400 kilograms Reid distributed with Watson over the course of the conspiracy). Watson contends that trial counsel failed to inform him that a cooperating witness might testify and that such testimony, to the extent it showed Watson's distribution of greater drug quantities, would increase his sentencing exposure.

The district court summarily dismissed Watson's petition. First, the district court noted the government's representation that it had "no recollection" of having made a plea offer of 85–months' imprisonment. The court also characterized such an offer as "incredible on its face," noting the government's practice of stipulating to a sentencing range rather than a precise sentence and the fact that 85 months was neither the bottom nor the top of any

---

1. The district court also denied Watson's request for a certificate of appealability. This Court, however, granted Watson a certificate of appealability and ordered that counsel be appointed pursuant to the Criminal Justice Act. *Watson v. United States*, 07–0354–pr (2d Cir. May 16, 2007).

plausible sentencing range for Watson's offenses. Second, the district court, assuming Watson's allegations were true, found that it was not ineffective assistance for defense counsel (1) to fail to inform Watson that Reid was going to testify or (2) to fail to include the higher quantity of drugs in calculating Watson's sentence exposure, because defense counsel was unaware until the day before trial that Reid was cooperating with the government and would testify. The district court determined that trial counsel made an accurate statement, based on the information trial counsel knew at the time, when he told Watson that the 85–month sentence was "not much less" than Watson would receive by going to trial, because the sentencing range, without the quantity of drugs proven by Reid's testimony, was 93 to 101 months.

Section 2255 provides for a hearing on a habeas petition "[u]nless the motion and the files on record conclusively show that the prisoner is entitled to no relief." 28 U.S.C. 2255(b); *see also Pham v. United States,* 317 F.3d 178, 184 (2d Cir.2003). We have recognized that a district court has a "wide variety of tools available to it in developing the record during habeas proceedings," *id.* at 180, and, rather than holding an evidentiary hearing, may adopt the " 'middle road' of deciding disputed facts on the basis of written submissions," *id.* at 184 (quoting *Chang v. United States,* 250 F.3d 79, 86 (2d Cir.2001)). However, a remand for further factual development is appropriate when the district court summarily dismisses a habeas petition in the absence of a sufficient record. *See id.* at 184–85.

The record in this case was insufficient to resolve disputed factual issues and did not support summary dismissal of Watson's petition. The district court, most importantly, rendered its decision without seeking an affidavit from trial counsel. The district court therefore lacked sufficient information to determine whether a plea offer was made. The government's assertion that it does not recall offering a plea is inconclusive as it could suggest the government simply failed to remember the offer. Hence the importance of seeking an affidavit from trial counsel. We also disagree with the district court's characterization of the plea offer of 85 months' imprisonment as "incredible on its face." The offer of 85 months' imprisonment falls within the sentencing range for levels 27 or 28 of the Sentencing Guidelines, and it is possible that trial counsel informed his client of a precise sentence rather than a range. An affidavit from trial counsel concerning his off-the-record interactions with Watson is needed to resolve whether an offer was made, and if so, the nature of communications between Watson and trial counsel regarding the offer.

Assuming a plea offer was made, the absence of this critical affidavit also prevented the district court from determining whether Watson's trial counsel made false assurances that there would be no cooperating witness testimony or failed to explain that such testimony, if it proved the conspiracy implicated higher drug quantities, could increase Watson's sentencing exposure. Because the district court lacked this information, its inquiry did not meaningfully engage the question raised by Watson's petition: Whether it is objectively unreasonable for defense counsel to fail to alert the defendant to *the possibility* that sentencing exposure could increase if trial testimony showed that greater drug quantities were involved. On remand, the district court should supplement the record with an affidavit from trial counsel and any additional submissions it deems appropriate. We note it is possible that the district court may not need to reach this question if, for example, the court finds on

a fully developed record that no plea offer was made or that trial counsel informed Watson that his sentencing exposure could vary based upon proof of higher drug quantities.

The district court also found that Watson could not establish prejudice by offering the self-serving statement that he would have pleaded guilty had he known the extent of his sentencing exposure. The district court did not consider the disparity between the plea offer (85 months), which trial counsel allegedly represented was roughly the same as the sentencing exposure at trial, and Watson's sentence of 130 months after conviction at trial, which indicates a Guidelines range greater than the one allegedly represented by trial counsel. Our precedent provides that a significant disparity between the defendant's sentence after conviction at trial and the sentence exposure represented to the defendant by defense counsel, along with the defendant's statement that he would have pleaded guilty if he knew the actual sentencing exposure, can establish prejudice. *Gordon,* 156 F.3d at 381. We find that the district court erred in finding no prejudice without considering the sentencing disparity. *See Pham,* 317 F.3d at 183. Contrary to the government's argument in its brief and at oral argument, we have found a significant sentencing disparity in circumstances similar to those in this case. *See Cullen v. United States,* 194 F.3d 401, 404, 407 (2d Cir.1999) (where the sentence exposure at trial was 121 to 151 months and the plea offer was for 78 to 97 months, instructing the district court on remand "to regard the disparity" as a positive "factor bearing upon [the defendant's] credibility"). The district court on remand should consider whether Watson shows prejudice based upon the relevant circumstances, including the credibility of his statement that he would have

pleaded guilty and the sentencing disparity.

For the foregoing reasons, we **VACATE** the judgment of the district court and **REMAND** for further proceedings in accordance with this order.