09-4870-pr
Stanley v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand eleven.

PRESENT:  BARRINGTON D. PARKER,
          GERARD E. LYNCH,
          RAYMOND J. LOHIER, JR.,
                    *Circuit Judges.*

------------------------------------------------------------------

MARC L. STANLEY,
                    *Petitioner-Appellant*,

          v.                                        No. 09-4870-pr

UNITED STATES OF AMERICA,
                    *Respondent-Appellee.*

-------------------------------------------------------------------

FOR APPELLANT:      DANIEL M. PEREZ, Newton, New Jersey.

FOR APPELLEE:       RAJIT S. DOSANJH (John M. Katko, on the brief), Assistant
                    United States Attorneys, for Richard S. Hartunian, United
                    States Attorney for the Northern District of New York,
                    Albany, New York.

Appeal from the United States District Court for the Northern District of New York

(Norman A. Mordue, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the case is REMANDED to the district court for clarification.

Petitioner-appellant Marc L. Stanley pled guilty to conspiracy to engage in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). Pursuant to his plea agreement, Stanley waived his right to appeal or collaterally attack any sentence of 151 months or less. The United States District Court for the Northern District of New York (Norman A. Mordue, *Chief Judge*) sentenced him to 140 months in prison, followed by five years of supervised release. No notice of appeal was filed.

Almost sixteen months after he was sentenced, Stanley filed a *pro se* motion pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence, claiming principally that his trial counsel had been ineffective by failing to file a notice of appeal when requested to do so.[1] The government responded with an affidavit from Stanley's trial counsel, denying that he "receiv[ed] *any* request from the defendant in *any* form to proceed with the filing of a Notice of Appeal" until nearly a year after sentencing, by which point "the statutory time frame within which to file a Notice of Appeal had long since expired."

Relying on our decision in Chang v. United States, 250 F.3d 79, 86 (2d Cir. 2001), the district court found it unnecessary to hold a "full scale evidentiary hearing" on the motion, because it believed that the affidavits from Stanley and his lawyer, coupled with other documentary evidence and the record in the underlying case, provided sufficient basis to

---

[1] Stanley also argued that his appeal waiver was contrary to public policy and therefore invalid and that his counsel had acted ineffectively in failing to review and discuss the Presentence Investigation Report with him before sentencing. The district court rejected both of these claims, and neither of them is before us here.

determine the merit of Stanley's ineffective assistance claims. <u>Stanley v. United States</u>, No. 09-cv-0526, at 9-10 (N.D.N.Y Nov. 3, 2009).

The district court rejected Stanley's version of events, characterizing his affidavit as "present[ing] nothing more than self serving assertions that trial counsel ignored his request to file a notice of appeal." In making its credibility assessment, the court relied on the ten-month delay between sentencing and Stanley's first documented inquiry into the status of the appeal, his former counsel's "detailed accounts of his communication with petitioner," and Stanley's own repeated acknowledgment of the appeal waiver before the court. <u>Id</u>. at 10-12. The court also found it relevant that Stanley failed to reiterate his desire to appeal in response to two letters his lawyer sent him shortly after sentencing. Dated December 20, 2007 and January 2, 2008, respectively, neither of these letters mentioned the prospect of an appeal, and one of them explicitly discussed Stanley's appeal waiver. <u>Id</u>. at 12. We granted a certificate of appealability, limited to the issue of "whether the district court should have conducted an evidentiary hearing to determine [whether Stanley] instructed his attorney to file a notice of appeal." <u>Stanley v. United States</u>, No. 09-4870-pr (2d Cir. Apr. 22, 2010).

The district court cited a number of factors in the record to support its finding that Stanley did not direct his attorney to file an appeal. The government now concedes, however, that the district court's reliance on one of these factors – Stanley's failure to respond to his lawyer's December 20th and January 2nd letters – was misplaced. Buried in the record before the district court was evidence suggesting that these letters were misaddressed and, thus, likely never reached Stanley. Given that neither Stanley, acting *pro*

3

*se*, nor the government specifically called this evidence to the district court's attention, it is understandable that the district court failed to recognize that the letters went undelivered.[2] Nevertheless, under these circumstances, we cannot determine whether the factual inaccuracy may have affected the district court's conclusion that Stanley's allegations of ineffective assistance were sufficiently incredible that no testimonial hearing was necessary.

Accordingly, we REMAND to the district court, pursuant to the procedure outlined in United States v. Jacobson, 15 F.3d 19, 22 (2d Cir. 1994), for a determination of whether, in light of Stanley's failure to receive the letters, a testimonial hearing is warranted or whether, given the weight of the remaining evidence, the district court would reach the same conclusion even without considering Stanley's failure to respond to the letters. The parties are to inform the Clerk of the Court by letter within fourteen days of the district court's decision on remand if either side wishes to continue this appeal. After jurisdiction is restored, this panel will resume consideration of the case.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Even undelivered, the letters may have evidentiary weight to the extent they can be construed as prior consistent statements by Stanley's attorney. We express no view on whether they can be so construed; it is for the district court to determine what, if any, relevance the letters may have. The inadvertent error in the district court's prior opinion was in giving weight to Stanley's failure to respond to the letters.