18-1631-cv
*Batista v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand twenty.

PRESENT:    JOSÉ A. CABRANES,
            ROBERT D. SACK,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

_____

LUIS M. BATISTA,

                *Petitioner-Appellant,*                           18-1631-cv

                v.

UNITED STATES OF AMERICA,

                *Respondent-Appellee.*

_____

FOR PETITIONER-APPELLANT:        BERNARD V. KLEINMAN, Law Office of
                                 Bernard V. Kleinman, PLLC, Somers,
                                 NY.


FOR RESPONDENT-APPELLEE:         KEVIN TROWEL (Joann Navickas, *on the
                                 brief*), Assistant United States Attorneys,
                                 *for* Richard P. Donoghue, United States
                                 Attorney for the Eastern District of New
                                 York, Brooklyn, NY.

1

Appeal from a March 30, 2018 judgment of the United States District Court for the Eastern District of New York (Dora L. Irizarry, *Judge).*

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Petitioner-Appellant Luis M. Batista ("Batista") appeals from a March 30, 2018 judgment denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Batista challenges the District Court's denial of his motion to strike certain purportedly defective declarations. Batista also argues that his trial counsel was ineffective by allegedly advising him to reject a plea offer from the Government and to instead proceed to trial, and he contends that the District Court erroneously denied his requests for an evidentiary hearing and for discovery regarding these allegations of ineffective assistance. We address each of Batista's challenges in turn.

I.      **The District Court Properly Denied Batista's Motion to Strike the Declarations of Anthony Ricco and James Moschella.**

Batista claims that the District Court erred by denying his motion to strike the Declarations of his trial attorneys Anthony Ricco ("Ricco") and James Moschella ("Moschella") (the "Declarations"), submitted in response to Batista's allegations of ineffective assistance of counsel. In particular, Batista contends that the Declarations failed to adhere to the requirements of 28 U.S.C. § 1746, as the Declarations did not contain sworn affirmations by Ricco and Moschella that their statements were "true and correct" under penalty of perjury.

We agree with the Government that the Declarations are not defective merely because they do not contain the precise phrase "true and correct." As we held in *LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham*, a sworn declaration may "substantially compl[y]" with the statutory requirements without containing the exact language of Section 1764 or stating verbatim that its contents are "true and correct." 185 F.3d 61, 65-66 (2d Cir. 1999). And as the Government notes, the plain language of Section 1746 itself requires only "substantial[]" compliance. We likewise reject Batista's argument that Ricco's declaration is invalid due to an alleged deficiency with Ricco's electronic signature. Accordingly, the District Court properly denied Batista's motion to strike the declarations.

## II. The District Court Correctly Denied Batista's Section 2255 Petition Alleging Ineffective Assistance of Counsel.

We review a district court's findings of fact with respect to claims of ineffective assistance of counsel for clear error. *See Chhabra v. United States*, 720 F.3d 395, 406-07 (2d Cir. 2013). In the context of plea negotiations, we review *de novo* the district court's conclusion as to whether a counsel's performance violated a defendant's Sixth Amendment rights. *See id.* at 407.

The District Court carefully reviewed Batista's Section 2255 petition and concluded that the record did not support Batista's allegations that his trial counsel ineffectively represented his interests during plea negotiations. Based on the record before us, the District Court correctly determined that Batista could not satisfy either prong of the two-part test as stated in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, for a defendant to prevail on a claim that his counsel was ineffective during plea negotiations, he must (1) show that his counsel's representation fell below "an objective standard of reasonableness" under "prevailing professional norms," and (2) "affirmatively prove prejudice." *Id.* at 687-88, 693.

As noted by the Government, the record does not support Batista's allegations that his trial counsel ineffectively represented his interests during plea negotiations. We credit the Declarations of Ricco and Moschella as accurate representations of the events leading to Batista's rejection of the plea bargain, as compared to Batista's self-serving and inconsistent statements that suggest that, in hindsight, Batista now believes that accepting the plea agreement would have been a better strategy. Moreover, Batista has not demonstrated prejudice from any alleged deficiency. He affirmatively testified to his innocence as to the drug charge at his trial and at his sentencing, but the plea agreement would have required his stipulation to the Government's Sentencing Guidelines calculation and the requisite facts needed to support that calculation. *See Cullen v. United States*, 194 F.3d 401, 407 (2d Cir. 1999) (remarking that, although "not dispositive," a defendant's "insistence on his innocence is a factor relevant to any conclusion as to whether he has shown a reasonable probability that he would have pled guilty"). Because Batista has not satisfied either element of the *Strickland* test, the District Court correctly decided that Batista could not demonstrate that his trial attorneys were ineffective.

## III. The District Court Properly Denied Batista's Requests for an Evidentiary Hearing and for Additional Discovery.

A district court's denial of a defendant's request for an evidentiary hearing on a claim of ineffective assistance of counsel is reviewed for abuse of discretion. *United States v. Levy*, 377 F.3d 259, 264 (2d Cir. 2004). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citations omitted); *see also In re City of*

3

*New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art").

We conclude that the District Court did not abuse its discretion in denying Batista's motions for an evidentiary hearing and for discovery. The District Court acted within its discretion to deny Batista's motion where additional live testimony from the relevant witnesses at a hearing "would add little or nothing to the written submissions." *Chang v. United States*, 250 F.3d 79, 86 (2d Cir. 2001). Furthermore, the District Court had already ordered additional discovery limited to the question of whether the Government had made multiple plea offers to Batista. Upon resolution of that narrow issue by the submission of sworn declarations, Batista was not entitled to further (or broader) discovery, as "the scope and extent of [Section 2255] discovery is a matter confided to the discretion of the District Court." *Bracy v. Gramley*, 520 U.S. 899, 909 (1997). Accordingly, any additional discovery beyond that already ordered was not warranted.

## CONCLUSION

We have reviewed all of the arguments raised by Batista on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 30, 2018 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4