**Jian Ming LIN, Petitioner,**

v.

**ATTORNEY GENERAL, Respondents.**[1]

**No. 05–1842–AG.**

United States Court of Appeals, Second Circuit.

April 14, 2006.

Jian Ming Lin, New York, New York, for Petitioner, pro se.

Matthew G. Whitaker, United States Attorney for the Southern District of Iowa, Gary L. Hayward, Assistant United States Attorney, Des Moines, Iowa, for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Jian Ming Lin, pro se, petitions for review of the BIA's March 15, 2005 denial of his motion to reopen his removal proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

Where, as here, the BIA affirms the IJ's decision without opinion, this Court reviews the IJ's decision directly. *Twum v. INS*, 411 F.3d 54, 58 (2d. Cir.2005). A denial of a motion to reopen, including a motion to reopen challenging an order of removal entered *in absentia*, is reviewed for an abuse of discretion. *Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.; Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, even assuming that Lin has exhausted all available administrative remedies pursuant to 8 U.S.C. § 1252(d)(1), and even assuming that his complaint, liberally construed, states a claim on which relief could be based, he has failed to demon-

---

1. In petitions for review of final orders of removal, "[t]he respondent is the Attorney General" under 8 U.S.C. § 1252(b)(3)(A). Accordingly, as per the request of the govern- ment, we dismiss the U.S. Department of Justice and the Immigration and Naturalization Service from this appeal as wrongly-named parties.

strate that "exceptional circumstances" warrant reopening and rescinding his *in absentia* order of removal. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). Although ineffective assistance of counsel can constitute an "exceptional circumstance" warranting such relief, *see Twum v. INS,* 411 F.3d at 59, the IJ in this case specifically credited statements from Lin's former counsel and former case worker that they had repeatedly attempted to contact Lin to remind him of the hearing date but that Lin had failed to answer his cell phone or return their calls. These statements, the IJ found, rebutted Lin's claim that his attorney's failure to inform him of the hearing date was the cause of his failure to appear. *Cf. Chang v. United States,* 250 F.3d 79, 86 (2d Cir.2001) (concluding that district court did not abuse its discretion in rejecting ineffective assistance claim after crediting affidavit submitted by counsel). Because the IJ's conclusion finds substantial support in the record, we necessarily conclude that the BIA did not abuse its discretion in denying Lin's motion to reopen. *See Iavorski v. United States INS,* 232 F.3d at 128.

For the foregoing reasons, Lin's petition for review is DENIED. The stay of removal that the Court previously granted in this petition is VACATED.