13-4616-pr
*Foster v. United States*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31ˢᵗ day of October, two thousand and fourteen.

PRESENT:

        JOHN M. WALKER, JR.,
        JOSÉ A. CABRANES,
        RAYMOND J. LOHIER, JR.,
                *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JANET FOSTER,
                *Petitioner-Appellant,*


        -v.-                                                    No. 13-4616-pr


UNITED STATES OF AMERICA,
                *Respondent-Appellee.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER-APPELLANT:**          Mitchell A. Golub, Golub & Golub, LLP,
                                       New York, N.Y.


**FOR RESPONDENT-APPELLEE:**           Emily Berger, Catherine M. Mirabile, Assistant
                                       United States Attorneys, *for* Loretta E. Lynch,
                                       United States Attorney for the Eastern
                                       District of New York, Brooklyn, N.Y.


        Appeal from a November 15, 2013 judgment of the United States District Court for the Eastern District of New York (John Gleeson, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant Janet Foster was originally convicted on October 3, 2002, following a jury trial, of six counts of conspiring to commit and committing health care fraud and mail fraud, in violation of 18 U.S.C. §§ 371, 1341, and 1347. After being sentenced in 2003, defendant was resentenced in 2012, with the term of imprisonment and the amount of restitution reduced. At the time of the resentencing, defendant had already completed her incarceration. On May 22, 2013, defendant sought a writ of error coram nobis to vacate her conviction. The District Court denied her motion and judgment was entered on November 15, 2013. On appeal, defendant contends that (1) the District Court erred in not providing her with a full evidentiary hearing before denying her motion for a writ of error coram nobis, and that (2) she was denied effective assistance of counsel because her trial counsel deprived her of her right to testify at trial. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

## DISCUSSION

### A.    Denial of Evidentiary Hearing

We review a district court's denial of a hearing for abuse of discretion. *Chang v. United States*, 250 F.3d 79, 82 (2d Cir. 2001). 28 U.S.C. § 2255 requires the district court to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[1] However, a district court need not conduct a "full-blown testimonial hearing," as it is "within the district court's discretion to choose a middle road" that adequately expands the record without "the needless expenditure of judicial resources." *Chang,* 250 F.3d at 86 (holding that even if the affidavits of petitioner and defense counsel are contradictory, the district court need not conduct a hearing where live testimony would not alter its view of the facts). Indeed, the trial judge is in the best position to determine the scope of a hearing because that judge is "intimately familiar" with the underlying criminal proceedings. *Puglisi v. United States*, 586 F.3d 209, 215 (2d Cir. 2009).

Here, the District Court reasonably decided that the testimony of Foster and her trial counsel would be little more than a "swearing match" and add little or nothing to the written affidavits. Contrary to Foster's claim, this was not a summary dismissal by the District Court. Judge Gleeson carefully considered the value of a full hearing and ultimately relied upon the trial counsel's credible affidavit in deciding that it was not necessary. As we have previously held, an affidavit from the petitioner's trial counsel "credibly describing the circumstances concerning appellant's failure to

---

[1] Although Foster sought a writ of error coram nobis under 28 U.S.C. § 1651, we have stated that, "'[b]ecause of the similarities between coram nobis proceedings and § 2255 proceedings, the § 2255 procedure often is applied by analogy in coram nobis cases.'" *United States v. Mandanici*, 205 F.3d 519, 527 (2d Cir. 2000) (quoting *Fleming v. United States*, 146 F.3d 88, 90 n.2 (2d Cir. 1998)).

testify…was sufficient to support dismissal of the petition." *Chang*, 250 F.3d at 85. Therefore, we conclude that the district court acted within its discretion in declining to hold a full hearing on Foster's motion.

**B.      Ineffective Assistance of Counsel**

"We review *de novo* the standards that a District Court applies in considering the writ of error *coram nobis* and review for abuse of discretion a District Court's final decision to deny the writ." *Porcelli v. United States,* 404 F.3d 157, 158 (2d Cir. 2005). To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that her counsel's conduct "fell below an objective standard of reasonableness" and "affirmatively prove prejudice," showing that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 693, 694 (1984).

Here, Foster failed to establish that her counsel performed deficiently. As noted above, the District Court did not abuse its discretion in relying upon the credible affidavit of her trial counsel. In his affidavit, Foster's trial counsel averred that he warned her of the risks of testifying, including the possible "exposure for obstruction of justice in the event she was found guilty." Foster's trial counsel also noted that he told the defendant that it "was her decision as to whether or not she wants to take the stand." Her counsel concluded his sworn statement by noting that he "did not rest without her knowing that she would not testify."

Foster "must produce something more than a[n]…unsubstantiated, thoroughly self-serving, and none too plausible statement that [her] lawyer (in violation of professional standards) forbade [her] to take the stand." *United States v. Castillo*, 14 F.3d 802, 805 (2d Cir. 1994) (internal quotation marks omitted). Because she fails to do so, her ineffective assistance of counsel claim is without merit.

**CONCLUSION**

Accordingly, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

3