23-6821
*Hansen v. Johnson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of July, two thousand twenty-five.

PRESENT:
> GERARD E. LYNCH,
> RICHARD J. SULLIVAN,
> STEVEN J. MENASHI,
> *Circuit Judges.*

---

NICHOLAS HANSEN,

> *Petitioner-Appellant*,

> v.                                No. 23-6821

JAMES JOHNSON, Current Acting Superintendent,

> *Respondent-Appellee*.

---

For Petitioner-Appellant:     PAUL SKIP LAISURE, Garden City, NY.

For Respondent-Appellee:     KARLA LATO, Assistant District Attorney, *for* Raymond A. Tierney, District Attorney of Suffolk County, Riverhead, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 29, 2023 judgment of the district court is **AFFIRMED**.

Nicholas Hansen appeals from a judgment of the district court denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On appeal, Hansen argues that the district court abused its discretion by rejecting his claim of ineffective assistance of counsel without first holding an evidentiary hearing. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Hansen argues that his "allegations as to his claim of ineffective assistance of counsel" would have entitled him to habeas relief "had he proven them at an evidentiary hearing." Hansen Br. at 27. Because the district court reasonably concluded that a hearing would not have helped Hansen satisfy the two-part test

for ineffective assistance of counsel established in *Strickland v. Washington*, 466 U.S. 668 (1984), we affirm the judgment of the district court.

The decision to grant an evidentiary hearing is "left to the sound discretion of district courts." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). In determining whether to grant an evidentiary hearing in adjudicating a section 2254 claim, the district court "must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. The district court is "not required to hold an evidentiary hearing" where the applicant's factual allegations or the existing record precludes habeas relief under section 2254. *Cullen v. Pinholster*, 563 U.S. 170, 183 (2011) (internal quotation marks omitted); *see also Schriro*, 550 U.S. at 474.

Under *Strickland*, Hansen has the burden to show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced [his] defense." *Strickland*, 466 U.S. at 687. To satisfy the "performance" prong, he must show that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 690. And to satisfy the "prejudice prong," he must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

"Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). And our review of counsel's performance "must be highly deferential," as the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Here, the district court did not abuse its discretion in declining to hold an evidentiary hearing, since it reasonably concluded that even with the benefit of an evidentiary hearing, Hansen could not have developed a factual record that would satisfy *Strickland*. To be sure, defense counsel "bears the primary responsibility for advising the defendant of his right to testify" at trial and "must inform the defendant that the ultimate decision whether to take the stand belongs to the defendant." *Brown v. Artuz*, 124 F.3d 73, 79 (2d Cir. 1997). But the defendant must offer "more than a bare, unsubstantiated, thoroughly self-serving, and none too plausible statement that his lawyer . . . forbade him to take the stand" to overcome the strong presumption that counsel provided reasonable assistance. *United States v. Castillo*, 14 F.3d 802, 805 (2d Cir. 1994) (internal quotation marks omitted). Hansen failed to meet that standard here, offering little more than his own self-serving affidavit, which was unsupported by other evidence in the record.

For starters, the accompanying affidavits from Hansen's mother and sister did not corroborate his claim that defense counsel failed to notify him of his right to testify or prevented him from testifying. Those affidavits merely stated that defense counsel told them that there was no need for Hansen to testify, which is not the same as "forb[idding] him" from trying to "take the stand." *Castillo*, 14 F.3d at 805.

Furthermore, Hansen's affidavit was rebutted by a sworn affirmation from defense counsel that described in detail the circumstances surrounding Hansen's decision not to testify. Specifically, defense counsel affirmed that after learning that Hansen wished to testify, he "told [Hansen] that it was ultimately his decision to make," but that he "strongly advised against it." Hansen App'x at 109. Defense counsel then "made that same statement" to Hansen when the prosecution rested its case. *Id.* Defense counsel made clear that this advice was a "strategic decision" and that Hansen "made the final decision not to testify." *Id.*

Having reviewed both Hansen's affidavit and his defense counsel's sworn affirmation, and given the lack of corroboration for Hansen's unsubstantiated version of events, we cannot say that the district court abused its discretion in declining to hold an evidentiary hearing, which would have been "little more than

a swearing match" between Hansen and his defense counsel and would have "add[ed] little or nothing to the written affidavits." *Foster v. United States*, 581 F. App'x 105, 106 (2d Cir. 2014) (internal quotation marks omitted). Indeed, we have previously held that an affidavit from petitioner's defense counsel "credibly describing the circumstances concerning appellant's failure to testify . . . [is] sufficient to support dismissal of the petition" without holding an evidentiary hearing. *Chang v. United States*, 250 F.3d 79, 85 (2d Cir. 2001). Given that Hansen's defense counsel provided precisely such a "credibl[e] descri[ption]," the district court had the discretion to conclude that an evidentiary hearing "would not offer any reasonable chance of altering its view of the facts." *Chang*, 250 F.3d at 85–86. Accordingly, it did not err in declining such a hearing. *See Schriro*, 550 U.S. at 474.

\*     \*     \*

We have considered Hansen's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6